**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KENDRICK MONICE JONES, # 100622**                         **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO. 3:18CV699-CWR-FKB**

**CENTURION HEALTHCARE SERVICES,**
**JOHN AND JANE DOES, and DR.**
**FRAZIER**                                                                 **DEFENDANTS**

## ORDER DENYING COUNSEL AND REQUIRING PLAINTIFF TO RESPOND

BEFORE THE COURT are pro se Plaintiff Kendrick Monice Jones's Motions to Appoint Counsel [12, 20]. Jones is a pretrial detainee at the Lauderdale County Detention Facility, and he challenges the conditions of his prior confinement. He moves for appointment of counsel in this case. The Court has considered Plaintiff's submissions and the relevant legal authority.

"There is no automatic right to the appointment of counsel" in a civil case. *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). Title 28 U.S.C. § 1915(e)(1) authorizes federal courts only to request an attorney to represent a person unable to afford counsel; it does not authorize the Court to make coercive appointments of counsel. *Mallard v. U.S. Dist. Ct. for the S.D. Iowa*, 490 U.S. 296, 310 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *Salmon*, 911 F.2d at 1166; *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents exceptional circumstances. *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it.  *Id.*; *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson Cnty. Comm'rs Ct.*, 778 F.2d 250, 253 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).  The Fifth Circuit Court of Appeals has directed trial courts to consider whether the appointment of counsel would be of service not only to Plaintiff, but also the Court and Defendants, through "sharpening the issues, shaping the examination of witnesses, and, thus shortening the trial and assisting in a just determination." *Feist*, 778 F.2d at 253.  Moreover, the Court has been given considerable discretion in determining whether to appoint counsel. *Ulmer*, 691 F.2d at 213.  Having reviewed the record, the Court finds that there are no "exceptional circumstances" requiring the Court to grant Jones's motions.

In this case, Jones complains of an alleged denial of medical treatment.  This issue is not complex; rather, this case presents the type of issue litigated regularly in this Court by pro se prisoner plaintiffs.  Additionally, Jones's pleadings to date have been well presented.  It is clear that he is able to communicate his position to the Court and appears capable of investigating his case.  There is no indication yet that counsel is needed to help in the administration and just determination of this cause.  Therefore, counsel will not be appointed at this juncture of the proceedings.

Additionally, the Court has considered and liberally construed the pleadings and is of the opinion that more information is needed in order to assess the case.  Accordingly, Jones shall respond, in writing, to the following:

    (1)    How did Centurion Healthcare Services violate your constitutional rights?

(2) How did Dr. Frazier violate your constitutional rights?

(3) Provide the (a) name and (b) address of each person you claim denied you medical treatment, and (c) explain how he or she did so.

(4) Are you claiming you were subjected to unsanitary conditions? If so, provide the (a) name and (b) address of each person you claim subjected you to unsanitary conditions, and (c) explain how he or she did so.

(5) Are you claiming you were denied dental treatment? If so, provide the (a) name and (b) address of each person you claim denied you dental treatment, and (c) explain how he or she did so.

(6) Are you claiming your mail was censored? If so, provide the (a) name and (b) address of each person you claim censored your mail, and (c) explain how he or she did so.

(7) Are you claiming a denial or water? If so, provide the (a) name and (b) address of each person you claim denied you water, and (c) explain how he or she did so.

(8) Are you claiming a denial of adequate food? If so, provide the (a) name and (b) address of each person you claim denied you adequate food, and (c) explain how he or she did so.

(9) Are you claiming retaliation? If so, provide (a) name and (b) address of each person you claim retaliated against you, and (c) explain how he or she did so.

(10) Are you claiming wrongful incarceration? If so, provide the (a) name and (b) address of each person you claim wrongfully incarcerated you, and (c) explain how he or she did so.

(11) Are you claiming a denial of mental health treatment? If so, provide the (a) name and (b) address of each person you claim denied you mental health treatment, and (c) explain how he or she did so.

The responses shall be filed with the Court no later than December 3, 2018.

**IT IS THEREFORE ORDERED** that pro se Plaintiff Kendrick Monice Jones's Motions to Appoint Counsel [12, 20] should be, and are hereby, **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall file a response consistent with this Order **no later than December 3, 2018**.  Failure to timely comply with any order of the Court may result in the dismissal of the case.

**SO ORDERED**, this the 19th day of November, 2018.

s/ F. Keith Ball<br>
UNITED STATES MAGISTRATE JUDGE